*J. W. Headington,* for appellants.

*J. N. Templer* and *J. J. Adair,* for appellee.

———•———

## The Pittsburgh, Cincinnati and St. Louis Railway Co. *v.* Hume.

Supreme Court.—*Evidence.*—The Supreme Court will not reverse a judgment upon the evidence, where it is conflicting.

APPEAL from the Hancock Common Pleas.

Downey, J.—The only error assigned in this case is that the court improperly refused to grant a new trial on the motion of the appellant.

The action was brought by the appellee against the appellant to recover the value of a sow and six pigs, alleged to have been killed by the locomotive and cars of the defendant, by the negligence of the defendant, at a point on said road where the road was not securely fenced. The action was commenced before a justice of the peace, where there was judgment for the plaintiff. The defendant appealed to the common pleas, where, after an amendment of the com-

The Pittsburgh, Cincinnati and St. Louis Railway Co. *v.* Hume.

plaint, and a general denial thereof filed, there was a trial by the court and finding again for the plaintiff.

The defendant moved the court for a new trial for the following reasons: first, the finding of the court is contrary to law; second, the finding of the court is not sustained by, and is contrary to, the evidence in the case.

This motion was overruled by the court, and final judgment was rendered, from which the defendant appealed to this court.

The evidence is made part of the record by a bill of exceptions, and shows the following facts: The sow and pigs were killed at or near the crossing of a public highway. The witnesses differ in their statements as to whether it was at the crossing or near to the same. The train was going west. There was a cow-pit across the railroad track on each side of the highway.

*Miles Cook*, on behalf of the plaintiff, says, he was trying to drive the stock off the track, when he saw the train coming from the east. Where the stock were on the track it was not fenced on the south side, for a distance of two hundred yards, the fence being down. When he found he could not succeed in driving the stock from the track, he climbed up on the bank, until the train passed. The engine struck the animals east of the east cow-pit. He saw them struck; found one pig dead in the east cow-pit, the sow and three pigs between the east cow-pit and the place where the county road crosses the railroad track. The cow-pit on the east side of the road was so nearly filled with dirt that it was not more than a foot deep.

*James McCorkle* testified, that he passed by soon after the occurrence, saw a sow and six pigs killed, one pig was in the east cow-pit, four more between the cow-pits, and two pigs were dropped two rods west of the west cow-pit.

On behalf of the defendant, one witness, *Michael Foley*, says he saw the hogs on the crossing shortly before the train came along; did not see the cars strike them. On being told of the occurrence, he went to the place, and found the sow

and three pigs killed between the cattle-guards, thrown on each side of the railroad track right where the dirt road, which is a county road, crosses the railroad. Two of the pigs were carried by the cars west of the west cattle-guard. There was blood all along from where they were struck. From appearances, thinks they were all struck west of the east cattle-guard, between the two cattle-guards, on the dirt road crossing. Examined the railroad track east of the cattle-guard, and found no hog tracks, no blood, or any signs of hogs having been struck east of the east cattle-guard. There was no pig in the east cattle-guard.

*Daniel Burk* and *John Laisy*, witnesses for the defendant, went with Foley, and describe the position of the dead animals and the appearances in the same way as Foley did.

It is at once evident that there is no such state of evidence here as will justify us in saying that the common pleas erred in refusing to grant a new trial. The witness Cook seems, of all of them, to have had the best opportunity to know exactly how and where the killing took place. The other witnesses speak only of appearances after the event occured. According to the testimony of Cook, the hogs when struck by the locomotive were on the railroad track, east of the east cow-pit. Had the road been fenced, and the cow-pit been in good condition, it seems to us that the hogs would not have been at this point on the road. Had the evidence established the fact that the hogs were at the crossing of the public highway, when killed, the defendant would not have been liable, except for negligence.

The judgment is affirmed, with ten per cent. damages and costs.

*H. C. Newcomb*, *J. L. Mitchell*, and *W. A. Ketcham*, for appellant.

*H. J. Dunbar*, for appellee.